IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

MELVIN MARIN,

                    Plaintiff,

            v.                                                            ORDER

RICHELLE RIZZO, HOUSING AUTHORITY OF                          26-cv-566-jdp
CHIPPEWA CNTY., and MARIA GERSZEWSKI,

                    Defendants.

---

Plaintiff Melvin Marin, representing himself, brings a federal civil rights complaint and a motion for emergency injunctive relief. Dkt. 1 and Dkt. 4. Marin alleges that defendants have delayed processing and approving his application for disability-accessible, affordable housing. Marin also seeks emergency injunctive relief, contending that more delay will stop him from establishing residency and thus prevent him from qualifying for upcoming elections. This order provides Marin guidance on how to properly submit his claims for this court's review, and it denies the injunctive relief motion without prejudice as moot.

Starting with the complaint, this court provides self-represented parties seeking to file suit a complaint package that includes a complaint form and instructions on filing a complaint in federal court. Filing a complaint on the form is not mandatory in every case in which a party represents himself, but the court has discretion to order parties to use the form when it promises to help them articulate their claims and to promote judicial economy. *See A. Bauer Mech., Inc. v. Joint Arb. Bd. of Plumbing Contractors' Ass's & Chi. Journeymen Plumbers' Loc. Union 130, U.A.*, 562 F.3d 784, 790 (7th Cir. 2009) (courts have broad discretion to enforce local practices that enable a district court to manage its docket as efficiently as possible).

Marin's complaint is excessively long and argumentative, and it contains many redundant and immaterial allegations. The court will not parse the complaint to attempt to discern the facts supporting a potentially plausible claim because that would unduly strain the court's resources and divert it from its role as a neutral decisionmaker. The court must construe Marin's allegations generously, but it cannot construct his claims for him.

Instead, the court will require Marin to file an amended complaint, using the court's complaint form, to more carefully articulate the facts supporting his claims. Once the court has received the amended complaint, it will be screened.

The court will send Marin a copy of the court's complaint form along with this order. Marin may include supplemental pages with the form if he needs more space to allege facts supporting his claims, but he may provide no more than five (5) supplemental pages. Any handwritten or typewritten text on the form or any supplemental page must be large enough and have enough spacing between the lines and in the margins for the court to read it easily. For reference, Marin's complaint meets the spacing and text size requirements.

In drafting the amended complaint, Marin should be mindful that, to state a claim for relief, a pleading need only contain "a short and plain statement of the claim showing that [he] is entitled to relief." Fed. R. Civ. P. 8(a)(2). Marin's allegations must be "simple, concise, and direct." Fed. R. Civ. P. 8(d). Marin should state his allegations in numbered paragraphs, "each limited as far as practicable to a single set of circumstances." Fed. R. Civ. P. 10(b). Marin should identify his claims in this manner and omit any legal arguments.

Marin should carefully consider whether he is naming proper defendants, which means that he should omit defendants who did not personally participate in, or otherwise cause, a violation of his rights. Marin must explain what each defendant did, or failed to do, to violate

2

his rights. Marin should avoid referring to defendants collectively. Marin also should identify by full name in the case caption of the amended complaint every one of the defendants.

That leaves the motion for emergency injunctive relief, which appears to seek an order requiring defendants to process and approve Marin's application for accessible, affordable housing so that he can establish residency and pursue an electoral campaign. This motion is moot because this court has ordered Marin to amend the complaint. But Marin is free to accompany the amended complaint with a new motion for emergency injunctive relief. Any renewed motion should follow the court's procedures for injunctive relief, attached to this order, except plaintiff would not be responsible for serving the motion if he is found indigent.

ORDER

IT IS ORDERED that:

1. Plaintiff Melvin Marin has until July 27, 2026 to file an amended complaint in accordance with the instructions provided in this order.

2. The amended complaint will act as a complete substitute for the complaint. This case will proceed on only the allegations made and claims presented in the amended complaint, and against only the defendants specifically named in the amended complaint's caption.

3. If plaintiff fails to comply with this order, the court may dismiss the case.

4. The clerk of court is directed to send plaintiff a copy of the court's non-prisoner complaint form and the court's procedures for injunctive relief.

5. Plaintiff's motion for emergency injunctive relief, Dkt. 4, is DENIED as moot.

Entered June 25, 2026.

BY THE COURT:

/s/

_____
ANITA MARIE BOOR
Magistrate Judge

3