\IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

MELVIN MARIN,

Plaintiff,

v.

ORDER

RICHELLE RIZZO, HOUSING AUTHORITY OF CHIPPEWA COUNTY, and MARIA GERSZEWSKI,

26-cv-566-jdp

Defendants.

---

Plaintiff Melvin Marin, proceeding without counsel, filed a federal civil rights complaint whose general idea was that defendants were delaying the processing and approval his application for disability-accessible, affordable housing. Dkt. 1. Marin failed to comply with the court's order to amend the complaint to make it clearer. The court finds that his noncompliance was in bad faith. I will dismiss this case with prejudice for failure to comply with the court order to amend his complaint.

BACKGROUND

Marin's original complaint was excessively long and argumentative, and it contained many redundant and immaterial allegations. *See id.* So the court ordered Marin to amend the complaint by July 27, 2026. Dkt. 7. The court instructed Marin to submit the amended complaint using its nonprisoner complaint form, and it cautioned him that the case could be dismissed if he failed to comply with its order to amend. *Id.* at 3. At that time, Marin's address of record was P.O. Box 1042, Eau Claire, Wisconsin 54702.

On July 9, 2026, Marin came to the court in person and told clerk's office staff that he hadn't received the order to amend or the complaint form because his P.O. Box was closed. He

also said that he was working on getting his P.O. Box reinstated and that he didn't have another address at that time. Marin asked about electronic filing and said that he might try to register for it.

On the July 27 deadline, Marin moved to extend the deadline to amend the complaint by three weeks. Dkt. 8. Marin also informed the court of his new address: 1602 Stout Rd., Menomonie, Wisconsin 54751.

Marin's reasons for seeking an extension were not clearly articulated. Nevertheless, the court granted the motion, extending the deadline to amend the complaint to August 17, 2026. The court stated that its order to amend was otherwise unchanged. *Id.*

On August 18, Marin filed a document titled "Plaintiff's address change and request for orders." Dkt. 10 at 1. Marin "declare[d] under penalty of perjury under the laws of the State of Wisconsin that he recently discovered that the [United States Postal Service] closed his [P.O. Box] but [that] he was not given notice of it." *Id.* Marin asked the court to "send any recent orders that may have issued." *Id.* Despite the motion's title, Marin provided the same Stout Road address. *Id.* at 2.

## ANALYSIS

"A district court may impose sanctions under its inherent authority where a party has willfully abused the judicial process or otherwise conducted litigation in bad faith." *Fuery v. City of Chicago*, 900 F.3d 450, 463 (7th Cir. 2018). "The court must first make a finding of bad faith, designed to obstruct the judicial process, or a violation of a court order." *Id.* The court need not explore the appropriateness of lesser sanctions if the circumstances justify dismissal. *See id.* at 464, 468. Dismissal of a case is an appropriate sanction if a party intentionally makes

a false statement to the court to attempt to gain a litigation advantage. *See Secrease v. W. & S. Life Ins. Co.*, 800 F.3d 397, 401 (7th Cir. 2015); *Ayoubi v. Dart*, 640 F. App'x 524, 528–29 (7th Cir. 2016).

Marin failed to comply with the extended August 17 deadline to amend the complaint. On July 9, 2026, Marin told clerk's office staff in person that his P.O. Box was closed. But then, in his August 18 letter, Marin says that he "recently discovered" that his P.O. Box was closed. *See* Dkt. 10 at 1. The statement that Marin had only recently learned that his P.O. Box was closed is dishonest. Also, Marin received copies of the order to amend and complaint form when he came to the court, so his implication that he hadn't received these documents is misleading. Marin's decision to title his letter as a "change of address" even though his address has remained the same since late July, shows a continued lack of candor and an intent to delay the case. Marin has shown that he is unwilling to comply with the court's order.

I will dismiss this case with prejudice based on Marin's bad-faith noncompliance with the court's order that he amend his complaint by the extended deadline of August 17.

ORDER

IT IS ORDERED that:

1. This case is DISMISSED with prejudice for failure to comply with a court order.
2. The clerk of court is directed to enter judgment and close the case.

Entered August 25, 2026.

BY THE COURT:

/s/

JAMES D. PETERSON
District Judge